# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **EVERTON A. BLAKE** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION** |
| ) | **FILE NO.:**_____ |
| **vs.** ) | |
| ) | **Jury Trial Demand** |
| **ROCKLYN HOMES, INC.** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT FOR DAMAGES
## AND SPECIFIC PERFORMANCE

**COMES NOW**, Everton A. Blake ("Plaintiff") and files this, his Complaint, against the Rocklyn Homes, Inc. ("Defendant"), and shows this Honorable Court the following:

1.

This is an action for damages arising out of a breach of contract that occurred on January 24, 2022.

## PARTIES, JURISDICTION, and VENUE

2.

Plaintiff, Everton A. Blake, is a resident and citizen of the State of Massachusetts.

1

3.

Defendant is a foreign corporation, incorporated in the State of Georgia, with a principal office address of 3505 Koger Blvd., Suite 275, Duluth, Georgia 30096. Defendant may be served with this lawsuit through its registered agent, Mr. Jeffrey R. Mahaffey, 1550 North Brown Road, Suite 125, Lawrenceville, Gwinnett Georgia 30043 or by any other lawful means.

4.

This Court has jurisdiction over this matter sounding in breach of contract and equity, as the actions have taken place in this district.

5.

The amount in controversy in this action exceeds the sum of $75,000.00 exclusive of interest and costs.

6.

There being a diversity of citizenship between Plaintiff and Defendant and because the amount in controversy in this action exceeds the sum of $75,000.00 exclusive of interest and costs, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## **FACTS**

7.

On or about May 24, 2021, Plaintiff and Defendant entered into a purchase agreement (the "Agreement") for the purchase of a home located at 2264 Mulsanne Drive, Lithonia, Georgia 30058. A copy of the Purchase Agreement is attached hereto as Exhibit 1.

8.

According to the Agreement executed on May 24, 2021, both the Plaintiff and Defendant agreed that said purchase was estimated to close on or before November 19, 2021.

9.

On June 3, 2021, both parties received and signed an addendum which indicated that the closing would take place on or before November 22, 2021.

10.

On or about November 2021, both parties received and signed an addendum which indicated that the closing would take place on or before December 15, 2021.

11.

On or about November 2021, both parties received and signed an addendum which indicated that the closing would take place on or before December 16, 2021.

12.

On November 20, 2021, in anticipation of the December 16, 2021, closing date our client purchased a roundtrip airline ticket from Boston, Massachusetts to Atlanta, Georgia for Wednesday, December 15, 2021, to Sunday, December 19, 2021.

13.

On or about November 22, 2021, two days after purchasing his airline ticket our client received and signed an addendum which indicated that the closing would take place on or before December 20, 2021.

14.

On November 24, 2021, Plaintiff and Ms. Zena Adell ("Realtor") scheduled Jeff Bates ("Mr. Bates") with North Point Home Inspections, LLC to perform the final inspection of the home. Said inspection was scheduled for December 9, 2021, at 10:00 a.m.

15.

On November 28, 2021, in anticipation of the Defendant moving the December 20, 2021, and in attempt to avoid the astronomical cost associated with the last minute changing of his airline ticket, Plaintiff moved his departure date from Sunday, December 19, 2021, to Wednesday, December 22, 2021.

16.

On November 30, 2021, Plaintiff received a Closing Disclosure from SWBC Mortgage Corporation which indicated the "estimated cash to close" was $50,061.00 (fifty thousand sixty-one dollars and zero cents). The "estimated cash to close" required from Plaintiff was locked in until December 30, 2021, at 5:00 p.m. Central Standard Time.

17.

On December 1, 2021, Plaintiff received a *second* Closing Disclosure from SWBC Mortgage Corporation which indicated the "estimated cash to close" was increased to $51,460.00 (fifty-one thousand four hundred sixty dollars and zero cents). The second "estimated cash to close" was again locked in until December 30, 2021, at 5:00 p.m. Central Standard Time.

18.

On or about December 7, 2021, both parties received and signed an addendum which indicated that the closing would take place on or before December 21, 2021.

19.

On or about December 8, 2021, Plaintiff received an email from CJ Hawkins, the Community Sales Manager and agent for the Defendant Rocklyn

5

Homes, which indicated the Pre-closing Orientation was scheduled for December 14, 2021, at 11:00 a.m. In addition, the Acceptance Walk was scheduled for December 21, 2021, at 11:00 a.m., and the Closing was scheduled for December 21, 2021, at 1:00 p.m.

20.

On December 10, 2021, Greg Dennis with D&A Home Inspections, LLC was scheduled to perform the final inspection of the home on December 11, 2021, at 10:00 a.m. Plaintiff paid $403.65 (four hundred three dollars and sixty-five cents) to Mr. Dennis for the inspection. On the same day (i.e., December 10, 2021), Plaintiff received an email from Ms. Zena Adell ("Realtor") which stated in pertinent part "Per the agent, the builder had to redo the concrete due to the rain, so the inspection will need to be moved to December 14, 2021, at 9:00 a.m.…."

21.

On December 13, 2021, Plaintiff wire transfered $65,000.00 (sixty-five thousand dollars and zero cents) to the closing law firm, McMichael and Gray, PC, prior to his flight to Atlanta, Georgia and in preparation for the December 21, 2021 closing.

22.

On December 14, 2021, Plaintiff's Power of Attorney ("POA"), arrived at the property at 9:00 a.m. as scheduled for both the final inspection and pre-closing orientation. The inspector, Greg Dennis arrived at the property at approximately 9:30 a.m. to perform the final inspection. Upon review, the inspector determined that the home was not ready for a final inspection; in that, no appliances, flooring, or HVAC system had been installed, the walls were not painted, the garage door was not installed, among other deficiencies. Ultimately, the home was not ready for a final inspection and said information was never communicated to Plaintiff and or Plaintiff's POA, Plaintiff's Realtor, and/or the Inspector so that Plaintiff could avoid the cancellation and or rescheduling fees associated with last minute cancellations.

23.

On December 14, 2021, Mr. Dennis (i.e. inspector) contacted Ms. Adell (i.e. realtor) who initiated a conference call with Defendant Rocklyn Homes Agent, CJ Hawkins, Plaintiff's POA, and the inspector. During the call, the parties were informed for the first time by the Defendant's agent (i.e. Ms. Hawkins) that the home was not ready for a final inspection and/or closing.

24.

Due to Defendant's failure to timely provide notice at least seven (7) before the closing date (i.e. December 21, 2021) and inform the Plaintiff that the home was not ready for a final inspection and closing, Plaintiff did not receive adequate time to cancel, extend and/or reschedule his flight to avoid incurring additional cost associated with attending the closing.

25.

Plaintiff was not refunded for his expenses associated with his wasted time and or trip to Atlanta, Georgia.

26.

On or about December 15, 2021, an addendum was sent to Plaintiff, changing the closing date to January 19, 2021. Said addendum did not provide "...at least seven (7) days' verbal notice before the December 21, 2021, closing date consistent with the language within the Agreement which states, "The notice will include the time and place of closing…"

27.

On December 17, 2021, due to the recurring breach of the Agreement by Defendant Rocklyn Homes, contact was made with McMichael & Gray P.C. to

return the *original* funds wired to the law office in anticipation of the December 21, 2021, closing.

28.

On December 21, 2021, both parties received and signed an addendum which indicated that the closing would take place on or before January 24, 2021.

29.

On January 10, 2022, Plaintiff contacted McMichael & Gray, PC via email and requested dates associated with the January 24, 2022, closing. On the same day (i.e., January 10, 2022), Ms. Adell contacted Ms. Hawkins (i.e. agent for Rocklyn Homes) to request contact information for the "Construction Manager." Ms. Kristan Goolsby, PreCloser at McMichael & Gray responded to Plaintiff's email indicating that the closing date was moved to January 31, 2022, at 4:00 p.m. Furthermore, Plaintiff's POA contacted the agent for Defendant Rocklyn Homes to wit: CJ Hawkins to determine if the Defendant was aware that the closing date was being moved and to request that the closing date remain as previously scheduled for January 24, 2022.

30.

On January 12, 2022, Plaintiff paid $395.00 (three hundred ninety-five dollars and zero cents) to Mr. Jeff Bates with NorthPoint Inspections, Inc. to perform a final inspection scheduled for January 15, 2022, at 10:00 a.m.

31.

Plaintiff has incurred additional consequential damages in the amount of $1,250.95 (one thousand two hundred fifty dollars and ninety-five cents) because of the Defendant Rocklyn Homes, Inc.'s and or its agent's breach of contract.

32.

On January 13, 2022, Plaintiff attempted negotiations to proceed with the closing of the home at issue to no avail.

33.

On January 22, 2022, Plaintiff attempted negotiations to proceed with the closing of the home at issue to no avail.

34.

On January 24, 2022, SWBC Mortgage provided all closing documents to the closing attorney to wit: McMichael & Gray. Plaintiff via his POA attended the closing as scheduled, and Defendant failed to appear for said closing, thereby willfully breaching the terms of the Agreement.

## COUNT I
## BREACH OF CONTRACT

35.

Plaintiff hereby reincorporates by reference the allegations contained in Paragraphs 1-34 above.

36.

The Agreement executed was a valid and enforceable contract.

37.

Pursuant to the terms of the Agreement, Plaintiff was to provide Defendant with payment at closing and Defendant was to provide Plaintiff with good title to the property at issue.

38.

Defendant's actions are a clear violation of the terms and conditions of the Agreement, and amendments, and as a result thereof, Plaintiff has incurred damages in an amount to be proven at trial.

## COUNT II
## FRAUDULENT INDUCEMENT

39.

Plaintiff hereby reincorporates by reference the allegations contained in Paragraphs 1-38 above.

11

40.

Pursuant to the clerk terms and conditions of the Agreement, as of May 24, 2021, Defendant owed Plaintiff a completed property (i.e. Home) which is habitable pursuant to the building codes of the State of Georgia.

41.

Based on the representations made by Defendant regarding their willingness to comply with the terms and conditions of the Agreement, Plaintiff and Defendant entered into several amendments, where Defendant agreed to complete for final purchase the property located at 2264 Mulsanne Drive, Lithonia, Georgia 30058.

42.

Plaintiff reasonably relied upon the Defendant's representations, and as a result thereof, entered into the Purchase Agreement, including but not limited to the numerous addendums executed by the parties.

43.

However, on or about January 19, 2021, Defendant made it clear they had no intentions of complying with the terms and conditions of the May 24, 2021, Purchase Agreement, as they failed to show up for the closing for which Plaintiff was ready willing and able to execute.

44.

Defendant's actions have made it clear that they made false representations to Plaintiff in an attempt to induce Plaintiff to enter into the Purchase Agreement.

45.

Plaintiff reasonably relied on these false representations, and as a result thereof, has suffered damages in an amount to be proven at trial.

## COUNT III
## SPECIFIC PERFORMANCE/TEMPORARY RESTRAINING ORDER

46.

Plaintiff hereby reincorporates by reference the allegations contained in Paragraphs 1-45 above.

47.

Pursuant to the terms and conditions of the Agreement, Defendant could have closed on the property at issue on or before January 31, 2022.

48.

As of January 19, 2021, Defendant has informed Plaintiff that it will not be proceeding with the closing pursuant to the May 24, 2021, Purchase Agreement.

49.

Despite the numerous requests for Defendant to proceed with the closing, as well as requesting in writing that Defendant proceed as scheduled by the lender and the lender's closing attorney; Defendant has refused to show up for the closing and has not provided any good faith basis for its failure to comply with the Agreement.

50.

If Defendant continues its action of failing to close before January 31, 2022, Plaintiff will suffer irreparable injury, including losing his ability to lock in his interest rate and the down payment amount agreed to with his lender.

51.

Plaintiff is extremely likely to prevail on the merits of this matter, Defendant will not suffer any irreparable injury in being required to simply comply with the terms and conditions of the Purchase Agreement, and the public interest will be served by requiring Defendant to comply with the terms and conditions of the May 24, 2021, Purchase Agreement.

## COUNT IV
## PUNITIVE DAMAGES

52.

Plaintiff hereby reincorporates by reference the allegations contained in Paragraphs 1-51 above.

53.

Defendant's actions in willfully failing to show up for the closing, as retaliation for Plaintiff's request to close as previously scheduled by the lender, makes it clear the Defendant's actions rise to willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

54.

As a result of Defendant's conduct, Plaintiff should be awarded punitive damages in an amount to be determined at trial.

## COUNT V
## ATTORNEY'S FEES AND COURT COSTS

55.

Plaintiff hereby reincorporates by reference the allegations contained in Paragraphs 1-54 above.

56.

Plaintiff has made multiple attempts at trying to resolve this matter without having to resort to litigation, but Defendant's actions have left Plaintiff with no other option but to initiate this action.

57.

Defendant has acted in bad faith and has caused Plaintiff unnecessary trouble and expense in having to bring this action, and as a result thereof, Plaintiff shall be awarded its expenses of litigation, including its reasonable attorney's fees.

## **PRAYER**

**WHEREFORE**, Plaintiff prays:

  a. That the Court issue a temporary restraining order prohibiting Defendant from executing a new purchase agreement and or selling the property at issue;

  b. That the Court set down at the earliest possible time a hearing on an interlocutory injunction;

  c. That Plaintiff be awarded judgment for damages on the forgoing counts in such amounts as will completely make him whole;

  d. That Plaintiff be awarded all reasonable attorney's fees and costs of litigation incurred by Plaintiff for the prosecution of this action;

e. That judgment be entered against Defendant in accordance with the evidence presented and applicable law; and

f. That the Court award him such other relief as it deems just and proper.

Plaintiff requests a trial by jury.

Respectfully submitted this 24th day of January, 2022.

                                        Respectfully submitted,

                                        */s/ Marsha W. Mignott*
                                        Marsha W. Mignott
                                        Georgia Bar No. 141933
                                        Attorney for Plaintiff

**THE MIGNOTT LAW GROUP, LLC**
4945 Presidents Way
Tucker, Georgia 30084
(770) 621-5499 Office
(770) 621-5496 Fax
lawyers@mignottlaw.com